UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA WOODBECK; for herself
and on behalf of those similarly
situated,

CASE NO.:

      Plaintiff,

v.

ROSIE'S CAFE & GRILL, INC., a
Florida Corporation, JOANNE
FITZGERALD and IRVING GAVIN,
individually,

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATRICIA WOODBECK, on her own behalf, and on behalf of all similarly situated individuals, by and through undersigned counsel, hereby sues the Defendants, ROSIE'S CAFE & GRILL, INC., a Florida Corporation, JOANNE FITZGERALD, Individually, and IRVING GAVIN, Individually ("the Defendants") for failing to pay complete overtime wages for every hour worked, pursuant to 29 U.S.C. § 216(b) ("FLSA").

## INTRODUCTION

This is an action for unpaid overtime wages.  Plaintiff and her fellow servers have been systemically denied overtime wages to which they were entitled by law and now seek to hold Defendants' accountable.  This was far from an innocent mistake or oversight.  In most instances, Defendants brazenly refused to pay Plaintiff overtime when her paystubs showed that she worked more than forty (40) hours in a workweek. Defendants willfully violated the FLSA

1

by denying Plaintiff and others similarly situated overtime wages. Defendants knew exactly what they were doing. Under no plausible interpretation of the FLSA were Plaintiff and her fellow servers not entitled to overtime. Discovery in this case will reveal Defendants systematically denied Plaintiff and her fellow servers' overtime wages required by the FLSA, willfully and maliciously circumventing the statute. For Defendants' violations, Plaintiff and her fellow servers now seek redress including unpaid overtime wages, liquidated damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as this is a claim for unpaid wages under the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq.) ("FLSA") to obtain a judgment against Defendants as to liability, recover unpaid back wages with an additional equal amount in liquidated damages, and to recover reasonable attorneys' fees and costs.

2. The Court's jurisdiction over this controversy is based upon 29 U.S.C. § 216(b).

3. Venue is proper in this Court because Plaintiff resides within the District, Defendant maintains business operations within the District, and Plaintiff's claims accrued in this District.

## PARTIES

4. At all times material to this action, Plaintiff was, and continues to be, a resident of Lee County, Florida.

5. At all times material hereto, Defendant ROSIE'S CAFE & GRILL, INC. was, and continues to be, engaged in business in Florida, doing business in Lee County, Florida.

6. Based on information and belief, at all times material hereto, Defendant JOANNE FITZGERALD was an individual resident of Lee County, Florida.

7. Based on information and belief, at all times material hereto, Defendant IRVING

GAVIN was an individual resident of Lee County, Florida.

8. At all times material hereto, JOANNE FITZGERALD and IRVING GAVIN co-operated and co-managed ROSIE'S CAFE & GRILL, INC.

9. At all times material hereto, JOANNE FITZGERALD and IRVING GAVIN regularly exercised the authority to: (a) hire and fire employees of ROSIE'S CAFE & GRILL, INC.; (b) determine the work schedules for the employees of ROSIE'S CAFE & GRILL, INC.; and (c) control the finances and operations of ROSIE'S CAFE & GRILL, INC.

10. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of ROSIE'S CAFE & GRILL, INC; (b) determine the work schedules for the employees of ROSIE'S CAFE & GRILL, INC; and (c) control the finances and operations of ROSIE'S CAFE & GRILL, INC, JOANNE FITZGERALD and IRVING GAVIN are employers as defined by 29 U.S.C. 201 *et. seq*.

11. Further, at all times material hereto, JOANNE FITZGERALD and IRVING GAVIN were managers for ROSIE'S CAFE & GRILL, INC, acting in ROSIE'S CAFE & GRILL, INC's interest in directing the work of Plaintiff and those similarly situated.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

14. At all times material hereto, Defendant ROSIE'S CAFE & GRILL, INC was, and continues to be, an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

15. Defendants' employees ran credit card transactions which transacted business in interstate commerce on a daily basis.

16. Defendants' employees handled goods such as food, napkins, silverware, appliances, and restaurant equipment which had traveled in interstate commerce.

17. Based upon information and belief, the annual gross revenue of Defendant ROSIE'S CAFE & GRILL, INC. is in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material hereto, the work performed by Plaintiff and those similarly situated were directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

19. On or about August 2019, Defendant hired Plaintiff to work as a non-exempt server for Defendant's company, a restaurant, at its location in Sanibel, Florida. Plaintiff's job duties included, but were not limited to, serving food and drinks to customers. Plaintiff was employed by Defendant in this position until March 12, 2020.

20. Plaintiff did a specific job, i.e., prepare the dining room, clean the restaurant, host, and serve customers which was/is an integral part of the business of Defendant ROSIE'S CAFE & GRILL, INC.

21. From approximately August 2019 and continuing through February 2020, Plaintiff regularly worked over forty (40) hours in a workweek.

22. Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

23. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

24.     Defendants simply paid Plaintiff at a rate of $5.44 per hour for all hours worked.

25.     Defendants have violated Title 29 U.S.C. §207 from at least August 2019 and continuing through at least February 2020, in that:

    a.  Plaintiff worked in excess of forty (40) hours in one or more weeks for the period of his employment with Defendants;

    b.  No *good faith* payments, and/or *complete* provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA.

26.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew, or reasonably should have known, that Plaintiff was owed overtime compensation.

27.     Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA. Specifically, they improperly placed the onus solely on Plaintiff when Defendants were/should have been in possession of Plaintiff's complete pay records.

28.     To the extent Defendants maintain they engaged in any efforts to properly compensate Plaintiff, they offered Plaintiff substantially less than what she is entitled to including improper excuses as to why she wasn't entitled to any relief at all.

29.     Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been purged or manipulated by Defendants, are in Defendants' sole possession.

## 216(b) COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff asserts his Count I claim under the FLSA, pursuant to 29 § 216(b), on

behalf of herself and on behalf of all other similarly situated employees currently and formerly employed by Defendants.

31. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the following class:

> **216(b) Class: All current and former Servers of Defendants who were not compensated complete overtime wages for those hours worked in excess of forty (40) hours within a work week.**

32. All potential 216(b) Class members are similarly situated because, among other things, they were all employees of Defendants and, upon information and belief, all suffered from the same policies of Defendants; simply put, they were not paid complete overtime wages as required under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

33. Plaintiff reincorporates and readopts all allegations contained within Paragraph 1-32 above.

34. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

35. During her employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

36. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

37. Defendants were aware Plaintiff performed non-exempt job duties but still refused to

pay Plaintiff overtime for hours worked over forty (40).

38. Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

39. Defendants failed to post required FLSA informational listings as required by the FLSA.

40. Defendants' conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

41. Defendants willfully violated the FLSA.

42. Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 26th day of October, 2020.

**MORGAN & MORGAN, P.A.**

**/s/ *Jeffrey N. Del Rio***
Jeffrey N. Del Rio, Esq.
FBN: 0105849
**MORGAN & MORGAN, P.A.**
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 983-2959
Facsimile: (813) 229-4059
Email: JDelRio@forthepeople.com
***Attorney for Plaintiff***