# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

PATRICIA WOODBECK, for
herself and on behalf of those
similarly situated

      Plaintiff,

v.                                                          Case No: 2:20-cv-846-SPC-NPM

ROSIE'S CAFE & GRILL, INC.,
JOANNE FITZGERALD and
IRVING GAVIN,

      Defendants.

_____/

## **ORDER**[1]

Before the Court is a sua sponte review of the case. Defendant Irving
Gavin passed away on February 2. On February 12, his father (Eugene Gavin)
filed a letter informing everyone of Irving's death. (Doc. 18). The letter
suggested Eugene might become personal representative of Irving's estate—
explaining he was not probating the estate at that time because its assets were
not enough to cover funeral costs. That letter also certified Eugene mailed it
to all parties. Because it was in the form of a letter, the Court struck the filing

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using
hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties
or the services or products they provide, nor does it have any agreements with them. The
Court is also not responsible for a hyperlink's availability and functionality, and a failed
hyperlink does not affect this Order.

on February 17. (Doc. 19). That Order, however, reiterated the parties were on notice of the death, so they "should take note and file any necessary dismissal or substitution. *See* Fed. R. Civ. P. 25(a)." No party filed anything.

Rule 25 governs the procedure for a party's death during litigation. When "the claim is not extinguished" and the other parties wish to pursue it, someone must move for substitution. *Id.* "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.* The ninety-day clock starts after "a suggestion of death" is "filed with the court and served on a personal representative of the deceased party." *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1009 (11th Cir. 2017). Eugene—who appears likely to be the personal representative—filed the suggestion of death on February 12. The Court concludes the clock started ticking that day (i.e., more than ninety days ago). *See Jaudon v. Sasser*, No. 2:17-cv-118, 2019 WL 1091002, at *2 (S.D. Ga. Mar. 8, 2019) (noting even if personal representative not yet established, must make a good-faith effort to serve nonparties with interest in estate).[2] Yet neither Plaintiff nor the other Defendants acted.

But service on parties is necessary too. *Atkins v. City of Chicago*, 547 F.3d 869, 870 (7th Cir. 2008). Rule 5 requires service on a party's lawyer (if

---

[2] At the latest, the Court concludes it started a few days later when the Order noted the death (again over ninety days ago).

represented). Fed. R. Civ. P. 5(b)(1). And such service is proper if mailed to the lawyer's last known address or e-filed on CM/ECF. Fed. R. Civ. P. 5(b)(2)(C), (E). Eugene did both. Because service was proper and nobody moved to extend the time to substitute Irving, the Court can dismiss him from this action. Fed. R. Civ. P. 25(a); *McGuinnes v. Novartis Pharms. Corp.*, 289 F.RD. 360, 362 (M.D. Fla. 2013).

While phrased in absolute terms, Rule 25 is somewhat flexible and district courts may extend the deadlines. *Lizarazo*, 878 F.3d at 1011. Despite the Court's guidance for the parties to follow Rule 25, nobody tried to substitute Irving or moved for more time. Considering this, along with the fact this action will continue against the other Defendants, the Court will not extend the substitution period. *See id.* at 1011-12; *McGuinnes*, 289 F.R.D. at 362-63. And the claim as to Irving is dismissed.

Given this conclusion, the Court denies the pending motion for default judgment without prejudice. That motion seeks judgment against all Defendants, including Irving, jointly and severally. With Irving dismissed, Plaintiff can refile an amended motion to account for the development.

Accordingly, it is now

**ORDERED:**

(1) The claim against Defendant Irving Gavin is **DISMISSED**.

(2) Plaintiff's Motion for Entry of Default Final Judgment (Doc. 16) is

    **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on May 19, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record