UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| PATRICIA WOODBECK; for herself and on behalf of those similarly situated, | CASE NO.: 2:20-CV-00846-SPC-NPM |
| Plaintiff, | |
| v. | |
| ROSIE'S CAFE & GRILL, INC., a Florida Corporation, JOANNE FITZGERALD AND IRVING GAVIN, individually, | |
| Defendants. | |
| _____/ | |

**AMENDED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, PATRICIA WOODBECK, ("Plaintiff"), files this Amended Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law against Defendants, ROSIE'S CAFE & GRILL, INC., a Florida Corporation and JOANNE FITZGERALD, individually, ("Defendants"), and states:

1. On October 26, 2020, Plaintiff, PATRICIA WOODBECK, filed a Complaint for unpaid overtime wage violation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") (Doc. 1).[1]

2. On October 30, 2020, Defendant, ROSIE'S CAFE & GRILL, INC., was served with a summons and a Copy of the Complaint. *See* Affidavit of Service (Doc. 6).

3. On November 6, 2020, Defendant, JOANNE FITZGERALD, individually, was served with a summons and a Copy of the Complaint. *See* Affidavit of Service (Doc. 8).[2]

4. Pursuant to Fed. R. Civ. P. 12(a), Defendants were required to serve a responsive pleading to Plaintiff's Complaint on or before November 27, 2020.

5. Despite the requirements set forth in Fed. R. Civ. P. 12(a), Defendants did not file any response to the Plaintiff's Complaint, seek additional time within which to respond, or otherwise appear in this action.

6. On December 1, 2020, Plaintiff filed a Motion for Entry of Default by the Clerk pursuant to Fed. R. Civ. P. 55(a) and Local Rule 1.07(b). (Doc. 11).

---

[1] Plaintiff originally filed this action as a collective action. However, Plaintiff only seeks default judgment on her own behalf against the remaining Defendants.
[2] "Affidavits by process servers constitute a *prima facie* showing that defendants have been served." Berguin v. Bus. World Pub., Inc., 2:14-CV-249-FTM- 29CM, 2014 WL 2864311, *1 (M.D. Fla. 2014); Landmark Fin. Solutions, LLC v. Sanchez, 2:13-CV-214-FTM-38CM, 2014 WL 759847, *2 (M.D. Fla. 2014).

7. On December 18, 2020 the Clerk entered default against Defendants (Doc. 12).

8. On January 29, 2021, Plaintiff filed a Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law against ROSIE'S CAFE & GRILL, INC., a Florida Corporation, JOANNE FITZGERALD and IRVING GAVIN, individually. (Doc. 14).

9. While the aforementioned Motion was pending with the Court, a letter sent by Eugene Gavin (a nonparty) on February 11, 2021 requested that the Court dismiss the case against his son Defendant IRVING GAVIN, who passed away on February 2, 2021. The letter indicates that Eugene Gavin lacked enough assets to cover the cost of Irving Gavin's funeral.

10. The remaining Defendants failed to move for substitution of the deceased party.

11. On May 19, 2021, the Court issued an Order dismissing Plaintiff's claims against Irving Gavin and denied the prior motion for default judgment without prejudice.

12. Pursuant to Fed. R. Civ. P. 25(a), Plaintiff proceeds with her action against the remaining Defendants, ROSIE'S CAFE & GRILL, INC., and JOANNE FITZGERALD, individually.

13. The remaining Defendants are not in compliance with the Federal Rules of Civil Procedure, nor have the Defendants made any attempt to comply with the Rules.

14. On January 20, 2020, Plaintiff, PATRICIA WOODBECK executed an affidavit in support of Plaintiff's Motion for Default Judgment, attached hereto as **Exhibit A**.

15. For the reasons set forth below, Plaintiff is entitled to a default judgment against the remaining Defendants, jointly or severely, with respect to the Fair Labor Standards Act, as amended 29 U.S.C. §206, and overtime wages pursuant to 29 U.S.C. §216(b) and 29 U.S.C. §2107 (the "FLSA) counts asserted in Plaintiffs' Complaint (Doc.1).

## MEMORANDUM OF LAW

**I.     Default Judgment Under Fed. R. Civ. P. 55(b)**

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." United States v. Fleming, 114 A.F.T.R. 2d 2014-5377, 2014 WL 3643517, *9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" Id. (*quoting* Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir.1986)). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not

admitted by virtue of default." Broad. Music, Inc. v. PRB Productions, Inc., 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014) (*citing* Miller v. Paradise of Port Richey, Inc., 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). "Rather, the Court determines the amount and character of damages to be awarded." Isaula v. Chicago Rest- Group, LLC, 13-CV-24387-JLK, 2014 WL 3477917, *1 (S.D. Fla. 2014) (*quoting* Miller, 75 F. Supp. 2d at 1346 (M.D.Fla.1999)).

Upon considering a motion for default judgment, "a court must consider whether an evidentiary hearing on the question of damages is warranted." Fleming, *supra*, 114 A.F.T.R. 2d 2014-5377, 2014 WL 3643517 at *9. "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Id. (*quoting* United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979) and *citing* SEC v. Smyth, 420 F.3d 1225, 1231-32 (11th Cir.2005)). "However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." Id. (*citing* Smyth, 420 F.3d at 1232 n. 13). *See also* Broad. Music, 2014 WL 3887509 at *2.

Moreover, "[a] default judgment has the effect of establishing as fact the plaintiff's well- pled allegations of fact, and bars the defendant from contesting those facts on appeal." Massachusetts Mut. Life Ins. Co. v. Hunter, 8:12-CV-1628-T-33AEP, 2012 WL 6094122, *1 (M.D. Fla. 2012) (*citing* Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir.2007) (*citing* Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)).

**WHEREFORE**, Plaintiff prays that the above cited authority and the evidence referenced herein and respectfully request that this Court enter default judgment against Defendants, **ROSIE'S CAFE & GRILL, INC. and JOANNE FITZGERALD,** jointly or severely, pursuant to Federal Rule of Civil Procedure 55(b)(2), for the liquidated damages set forth in Plaintiff's affidavit attached hereto and allow Plaintiff to proceed with Default Final Judgment against Defendants for damages and attorney's fees and costs.

Date: June 3, 2021

Respectfully submitted,

MORGAN & MORGAN, P.A.

**/s/ *Jeffrey N. Del Rio***
JEFFREY N. DEL RIO, ESQ.
FBN 0105849
Morgan & Morgan, P.A.
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 983-2959
Facsimile: (813) 229-4059
Email: JDelRio@forthepeople.com
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

**I hereby certify** that on this 3rd day of June, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail and Certified Mail. Parties may access this filing through the Court's electronic filing system.

/s/ *Jeffrey N. Del Rio*
JEFFREY N. DEL RIO, ESQ.