# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

PATRICIA WOODBECK, for
herself and on behalf of those
similarly situated

      Plaintiff,

v.                                   Case No: 2:20-cv-846-SPC-NPM

ROSIE'S CAFE & GRILL, INC.
and JOANNE FITZGERALD,

      Defendants.
_____/

## ORDER[1]

Before the Court is Plaintiff Patricia Woodbeck's Motion for default judgment against Defendants Rosie's Café & Grill, Inc. and Joanne Fitzgerald (Doc. 22). No response was filed, and the time to do so passed. The Court grants the motion.

Woodbeck brought a Fair Labor Standards Act ("FLSA") claim against Defendants for unpaid overtime wages. (Doc. 1). She got a clerk's default against Defendants on December 18, 2020. (Doc. 13). Now, Plaintiff seeks a default judgment.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

"When a defendant who has been properly served has failed to plead or defend, a district court may enter judgment by default." Fed. R. Civ. P. 55(b)(2). Before entering clerk's default, the Court reviewed service and found it proper. (Doc. 12 at 3 ("Defendants were all properly served.")).

Still, "A final default judgment does not automatically follow from a clerk's default." *Kennedy v. ORLTEL, LLC*, No. 617CV2014ORL37TBS, 2018 WL 1172925, at *1 (M.D. Fla. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1152393 (Mar. 5, 2018). When entering a default judgment, a court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "In deciding the complaint's sufficiency, the court applies the same standard as a motion to dismiss." *Mutka v. Top Hat Imports, LLC*, No. 2:18-cv-5390-FtM-38MRM, 2018 WL 6168124, at *1 (M.D. Fla, Nov. 26, 2018).

"To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A defaulted defendant admits all well-pleaded allegations of fact, but not unsupported facts

or conclusions of law. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

Woodbeck moves for an entry of default judgment because Defendants have not appeared in this action. Given the well-pled facts, Woodbeck is a covered employee—while Rosie's Café and Fitzgerald are covered employers—under the FLSA. *See Hamann v. Little Italy's Meatballs, LLC*, No. 8:20-cv-2589-VMC-AEP, 2021 WL 1931257, at *2-3 (M.D. Fla. Mar. 31, 2021), *report and recommendation adopted*, 2021 WL 1541086 (Apr. 20, 2021). So the FLSA applies, and the Court turns to the specific claim.

To recover for unpaid overtime, Woodbeck must show "(1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015). Based on the facts, there is a sufficient basis for judgment because Woodbeck stated a plausible claim.

From August 2019 to February 2020, Woodbeck regularly worked over forty hours of overtime in a workweek. (Doc. 22-1). Yet Defendants did not pay Woodbeck for this overtime. And when she questioned Defendants, they "offered Plaintiff improper excuses as to why she wasn't entitled to any relief at all." (Doc. 1 at 5). In doing so, "Defendants brazenly refused to pay Plaintiff overtime when her paystubs showed that she worked more than forty hours in a workweek." (Doc. 1 at 1). These facts not only establish liability. They also

undercut any good-faith defense Defendants might have raised, which could have hindered liquidated damages. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008). At bottom, Woodbeck stated a claim for FLSA overtime violations. And the Court finds default judgment proper.

For default judgment, "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (cleaned up). In a declaration, Woodbeck outlined and calculated the unpaid overtime with enough facts. Defendants owe Woodbeck $1,083.04 in unliquidated overtime, which comes to $2,166.08 after adding liquidated damages. Finding no error in her math or need for a hearing, the Court enters judgment for the liquidated amount. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Amended Motion for Entry of Default Final Judgment (Doc. 22) is **GRANTED**.

(2) The Clerk is **DIRECTED** to enter a default judgment in favor of Plaintiff against Defendants Rosie's Café & Grill, Inc. and Joanne Fitzgerald, jointly and severally, for **$2,166.08**.

(3) The Clerk is **DIRECTED** to terminate any pending motions or deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 29, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record